Darin M. Sands, OSB No. 106624
sandsd@lanepowell.com
**Lane Powell PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Mathew W. dos Santos, OSB No. 155766
mdossantos@aclu-or.org
Direct Dial: (503) 552-2105
Kelly Simon, OSB No. 154213
ksimon@aclu-org.org
Direct Dial: (503) 444-7015
**ACLU Foundation of Oregon**
PO Box 40585
Portland, OR 97240

Gabriel Arkles, *Pro Hac Vice Application Pending*
garkles@aclu.org
Shayna Medley-Warsoff, *Pro Hac Vice Application Pending*
smedley@aclu.org
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY  10004
Telephone: 212.549.2500
Facsimile: 212.549.2650

Attorneys for Proposed Defendant-Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PARENTS FOR PRIVACY**; **KRIS GOLLY** and **JON GOLLY**, individually [and as guardians ad litem for A.G.]; **LINDSAY GOLLY**; **NICOLE LILLIE**; **MELISSA GREGORY**, individually and as guardian ad litem for T.F.; and **PARENTS RIGHTS IN EDUCATION**, an Oregon nonprofit corporation, | Case No. 3:17-cv-01813-HZ <br><br> Proposed Defendant-Intervenor Basic Rights Oregon's <br> **MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN SUPPORT** |
| Plaintiffs, | **REQUEST FOR ORAL ARGUMENT** |

PAGE 1 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
         SUPPORT

v.

**DALLAS SCHOOL DISTRICT NO. 2**;
**OREGON DEPARTMENT OF**
**EDUCATION**; **GOVERNOR KATE**
**BROWN**, in her official capacity as the
Superintendent of Public Instruction; and
**UNITED STATES DEPARTMENT OF**
**EDUCATION**; **BETSY DEVOS**, in her official
capacity as United States Secretary of Education
as successor to **JOHN B. KING, JR.**; **UNITED**
**STATES DEPARTMENT OF JUSTICE**;
**JEFF SESSIONS**, in his official capacity as
United States Attorney General, as successor to
**LORETTA F. LYNCH**,

Defendants.

## I.  LR 7-1 CERTIFICATE OF COMPLIANCE

Counsel for Proposed Defendant-Intervenor Basic Rights Oregon ("BRO") certify that they

have conferred in good faith with counsel for the parties regarding the issues presented by this

Motion to Intervene as Defendant.  Counsel for Defendants did not object.  Counsel for Plaintiffs

never responded to Intervenor's inquiry to meet and confer.

## II.  MOTION

BRO moves for leave to intervene as defendant in this matter by permission under Fed. R.

Civ. P. 24(b)(1).  Counsel for movants sought consent for this motion from the existing parties.

Defendant Dallas School District No. 2 (the "District"), however, does not object to Movant's

request for leave to intervene.

In this case, the District was sued by Parents for Privacy, Parents Rights in Education, and

individual parents with students in the District, because the District implemented policies to

address discrimination and harassment against transgender students, including by allowing

transgender students to use school restroom and locker facilities that correspond with their gender

identity.

PAGE 2 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
             SUPPORT

Movant BRO is a non-profit organization committed to ensuring LGBTQ Oregonians live free from discrimination.  BRO advised the Oregon Department of Education on the creation of safe and supportive policies for transgender students, which the District adopted and Plaintiffs challenge in this case.  BRO has many members who are transgender students in public school in Oregon and members who are parents of transgender students.  BRO's members have directly experienced the need for policies like the ones implemented in Dallas.

Permissive intervention is appropriate because BRO's defense presents questions of law in common with the main action, as it relates directly to the legality of the District's policies that Plaintiffs challenge.  The motion is timely, and will not unduly delay or prejudice the adjudication of the rights of the original parties.

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum in Support, Basic Rights Oregon respectfully requests that this Court grant this Motion and permit them to intervene as defendants in this action.

### III.  MEMORANDUM

A.    **Factual Background.**

Dallas School District No. 2 ("the District") is a public school district in Dallas County, Oregon, comprised of three elementary schools, one middle school, one high school, and one alternative school serving eleventh and twelfth grade students.

On November 15, 2015, the District adopted the Student Safety Plan, which allows a transgender student to access sex-separated facilities that correspond with his gender identity. (Pls.' Compl., ECF 1, Ex. A).

On November 13, 2017, Plaintiffs brought this action against the District and other parties challenging the Student Safety Plan and other actions by the District as violations of the Constitution, federal, and state law.  Plaintiffs ask the Court to enjoin the District from enforcing the Student Safety Plan and declare that the Plan infringes on Plaintiffs' constitutional rights.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

Movant Basic Rights Oregon ("BRO") is a non-profit organization whose mission is to advocate for the equality of all LGBTQ Oregonians.  (Herzfeld-Copple Decl. ¶¶ 1, 5.)  BRO has spent over 20 years advocating for legal protections for the LGBTQ community in Oregon.  (*Id.* at ¶ 7.)  These efforts include championing the Oregon Safe Schools Act, which provides state-level anti-bullying protections for LGBTQ students, and working with the Oregon Department of Education ("ODOE") to advise on the creation and implementation of nondiscrimination policies for LGBTQ students in Oregon public schools.  (*Id.* at ¶¶ 12, 15.)

In the spring of 2016, BRO advised ODOE on the creation of education guidelines for school districts to create a safe and supportive environment for transgender students.  (*Id.* at ¶ 15.)  These guidelines, which Dallas County adopted, provide the framework for the policies and actions challenged by Plaintiffs in this case.  (*Id.* at ¶ 15.)  BRO has worked directly with LGBTQ students in Dallas County, including engaging in conversations with members of the Dallas High School GSA and advocacy on behalf of an individual transgender student experiencing discrimination.  (*Id.* at ¶ 17, 21.)

The Fierce Families Group is a program within BRO that convenes transgender youth and their families to engage in creating safe and affirming communities for transgender individuals in Oregon. These families have lobbied and advocated for safe and supportive policies that protect transgender students in public schools.  (*Id.* at ¶ 16; Yeager Decl. ¶ 5; Staub Decl. ¶ 3.) These individuals can speak directly to the necessity of having school policies that treat transgender students as the gender they are.  (Yeager Decl. ¶¶ 8-11; Staub Decl. ¶ 12.)  They have also experienced the tragic consequences of bullying and harassment that follow when the school environment is not safe.  (Staub Decl. ¶¶ 8, 9.)  BRO seeks leave to intervene as a defendant in this case to ensure that the interests of transgender students in Oregon are adequately represented.

**B.    Argument.**

**1.    Basic Rights Oregon satisfies the Ninth Circuit's standard for permissive intervention.**  Permissive intervention is warranted under Fed. Rule Civ. Pro. 24(b)(1)(B). In

PAGE 4 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
              SUPPORT

considering whether to allow permissive intervention, the Ninth Circuit considers whether there is 1) an independent ground for jurisdiction; 2) a timely motion; and 3) a common question of law and fact between movant's claim or defense and the main action. *See, e.g., Freedom from Religion Foundation, Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir.1992)).

      **a.**      **There is no basis for denying intervention on the grounds of jurisdiction because movant is a defendant-intervenor.** An independent ground for jurisdiction is required where permissive intervention could be used to inappropriately enlarge, or strategically destroy, the subject matter jurisdiction of the federal courts. *Freedom from Religion Foundation, Inc.*, 644 F.3d at 843. The Ninth Circuit has held the jurisdictional requirement is not a factor when, as here, proposed intervenors are defendants in a case involving a federal question, given that there is no risk that their participation would change the court's jurisdiction. *Id.* at 844 (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1917 (3d ed. 2010)) ("In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant"). Basic Rights Oregon seeks to intervene as a defendant in this case, which is predicated on federal question jurisdiction rather than diversity of citizenship. Thus, there is no basis to exclude Basic Rights Oregon on the grounds of jurisdiction.

      **b.**      **The motion is timely, and intervention would not delay or prejudice existing parties.** Basic Rights Oregon is filing this motion to intervene by the due date for the filing of the District's responsive pleading, and is simultaneously filing its own proposed motion to dismiss. *See, e.g., U.S. v. Brooks*, 164 F.R.D. 501, 503 (D. Or. 1995) (finding motion to intervene timely where filed seven months after service of the initial complaint, where no trial date was set and no discovery or significant negations between the parties had begun). Further, the District does not object to intervention by BRO. Finally, there is no reason to believe intervention by BRO will unduly delay discovery or prejudice any proceedings in this case.

PAGE 5 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN SUPPORT

**c.      Basic Rights Oregon's defenses share common issues of law and fact with the main action.**  The Court may exercise its discretion to grant permissive intervention where there is a common question or law or fact between the applicant's defense and the main action.  *See, e.g., U.S. v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).  Plaintiffs challenge the legality of the Dallas County School District's Student Safety Plan for an individual student, which adopts the approach that Basic Rights Oregon advocated for with the Oregon Department of Education. BRO has also advocated for the creation of similar nondiscrimination protections for transgender students in school districts throughout the state of Oregon.  The legal issues presented in this case ask whether those policies violate the Constitution, federal, and state law as Plaintiffs allege.  BRO's defenses will squarely address the legality of the Student Safety Plan, and argue that Plaintiffs' requested relief would violate the Constitution and federal law.

Unlike intervention as of right, permissive intervention does not require a "personal or pecuniary interest" in the subject of the litigation.  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2011) (finding Rule 24 "requires only that [the intervenor's] claim or defense and the main action have a question of law or fact in common" and thus "[c]lose scrutiny of the kind of interest of the intervenor is * * * especially inappropriate" (quoting 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1911, 357–63 (2d ed.1986))) (abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173 (9th Cir. 2011)).  However, the Ninth Circuit has sometimes considered "whether the intervenors' interests are adequately represented by other parties" as a factor in deciding whether to exercise their discretion to grant permissive intervention.  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (quoting *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir.1977)).  To the extent the Court chooses to consider this factor, it weighs in favor of permitting BRO to intervene.  The resolution of Plaintiffs' claims will bear directly on the lives of BRO student members in Oregon public schools and directly impact BRO's ability to advocate for other transgender students in the state. BRO seeks to intervene to show that the relief requested by

PAGE 6 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
            SUPPORT

Plaintiffs would violate Title IX and the Equal Protection Clause.  BRO is specifically concerned with the wellbeing of transgender students in Oregon.  It is possible that the interests of the District and BRO could become adverse.  The relief requested by Plaintiffs will directly impact the lives of transgender students in the state, and only with BRO's intervention will their interests be adequately protected.  Furthermore, granting the motion to intervene may avoid future duplicative lawsuits by transgender and gender non-conforming students whose rights could be abridged by relief granted to Plaintiffs in this case.

**C.      Conclusion.**

BRO has an interest in defending the policies and practices of the District challenged by Plaintiffs.  BRO is an organization dedicated to the safety and equality of LGBTQ people in Oregon, including transgender students in public schools.  BRO members who are transgender students and the parents of transgender students have a personal stake in the need for policies like the one BRO worked to implement in Dallas.  These individuals have the most to lose, and are best poised to articulate why the relief Plaintiffs seek would violate their legal rights.  BRO seeks to intervene so that voices of transgender students in Oregon and their families may be heard and their interests protected.  BRO respectfully requests that this Court grant them leave to intervene and advance this defense.

DATED:  February 20, 2018

LANE POWELL PC

By    _s/Darin M. Sands_
Darin M. Sands, OSB No. 106624
Telephone: (503)778.2100
Facsimile: 503.778.2200

Mathew W. dos Santos, OSB No. 155766
Kelly Simon, OSB No. 154213
ACLU Foundation of Oregon

Gabriel Arkles, *Pro Hac Vice*
 *Application Pending*
Shayna Medley-Warsoff, *Pro Hac Vice*

PAGE 7 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
                SUPPORT

*Application Pending*
American Civil Liberties Union Foundation

Attorneys for Proposed Defendant-Intervenor

PAGE 8 -  MOTION TO INTERVENE AS DEFENDANT AND MEMORANDUM IN
         SUPPORT