Herbert G. Grey, OSB #810250
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
Telephone: 503-641-4908
Email: herb@greylaw.org

Ryan Adams, OSB # 150778
Email: ryan@ruralbusinessattorneys.com
Caleb S. Leonard, OSB # 153736
E-mail: caleb@ruralbusinessattorneys.com
181 N. Grant Street, Suite 212
Canby, OR 97013
Telephone: 503-266-5590

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

PARENTS FOR PRIVACY; KRIS GOLLY and JON GOLLY, individually [and as guardians ad litem for A.G.]; LINDSAY GOLLY; NICOLE LILLIE; MELISSA GREGORY, individually and as guardian ad litem for T.F.; and PARENTS RIGHTS IN EDUCATION, an Oregon nonprofit corporation,

Plaintiffs,

v.

DALLAS SCHOOL DISTRICT NO. 2; OREGON DEPARTMENT OF EDUCATION; GOVERNOR KATE BROWN, in her official capacity as the Superintendent of Public Instruction; and UNITED STATES DEPARTMENT OF EDUCATION; BETSY DEVOS, in her official capacity as United States Secretary of Education as successor to JOHN B. KING, JR.; UNITED STATES DEPARTMENT OF JUSTICE; JEFF SESSIONS, in his official capacity as United States Attorney General, as successor to LORETTA F. LYNCH,

Defendants.

Case No. 3:17-CV-01813-HZ

**OBJECTION TO PROPOSED-DEFENDANT BASIC RIGHTS OREGON'S MOTION TO INTERVENE**

Oral Argument Requested

## OBJECTION

The Plaintiffs object to the motion to intervene submitted by proposed Defendant Basic Rights Oregon (BRO), on the grounds that they have not met the requirements for Permissive Intervention under FRCP 24(b) or federal case law. Their intervening will unnecessarily complicate the action, they have no standing to make their claims, they would be adding claims to the current actions which do not exist, and any interest they have in this matter is being adequately advocated by the District. At most BRO should be an amicus party.

## POINTS AND AUTHORITIES

"Permissive intervention is a two-stage process. First, the district court must decide whether one of the grounds for such intervention exists. If this threshold requirement is met, the court must then exercise its discretion in deciding whether intervention should be allowed." *Silver v. Babbitt*, 166 F.R.D. 418, 433 (1994), quoting, *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).

Under FRCP 24(b) the courts may permit intervention "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1308, (9th Cir. 1997).

The courts have listed several additional factors that are to be considered when determining whether or not to grant a motion to intervene, including: the nature and extent of the would-be intervenors' interests; their standing to raise relevant legal issues; the legal position they seek to advance and its probable relation to the merits of the case; whether the intervenors' interest are adequately represented by other parties; and whether intervention will prolong or unduly delay the litigation. *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

## ARGUMENT

**A. Basic Rights Oregon Does Not Satisfy the Necessary Standard for a Permissive Intervention.**

BRO has not met the three basis factors, identified above, for intervention under FRCP 24(b).

**1. Independent Ground for Jurisdiction.**

As the 9th Circuit Court of Appeals has stated, "Permissive intervention ordinarily requires independent jurisdictional grounds." *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). BRO has argued that this factor is irrelevant in this case because it only applies to factors that would "enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011), see also *Proposed Def. Mot. to Intervene*, at 5. However, BRO mischaracterized the holding in that case. The reason jurisdiction did not apply in that case was that the issue was a federal question, and the intervenor was "not raising new claims." *Id.* at 844.

The same is not true in this current case, however, BRO is raising new claims. BRO is claiming that this action is discriminatory against members of the LGBTQ community. In fact, BRO's entire reason for intervening is that they allege the complaint is discriminatory against the LGBTQ community, and as such BRO must be there to defend them. See *Proposed Def. Mot. to Intervene*, at 7. At no time has the Plaintiff asked for relief to discriminate against the LGBTQ community. There is not a named defendant who is part of the LGBTQ community or a member of BRO. BRO admits by omission in their motion to intervene that they do not have a member in the District that will be affected by any new or additional policies. See *Proposed Def. Mot. to Intervene*, at 3,4, and 7. BRO is doing more than simply wishing to obtain status as a defendant but is instead attempting to advocate additional claims that are not part of this action and have

never been a part of this action.

One of the supplemental elements that the court looks at with deciding a motion to intervene is "their standing to raise relevant legal issues." *Spangler*, 552 F.2d at 1329. BRO does not have standing to raise these issues. BRO states in their motion that they have "many members who are transgender in public school." See *Proposed Def. Mot. to Intervene*, at 3. However, they have made no allegation in their motion that they have any members currently in the Dallas School District No. 2 (the "District"), or that they or any of their members are part of this action or related to this action in any way. They claim that because this case has an element affecting the LGBTQ community that BRO has standing. BRO has not presented any arguments as to why they should be granted intervention when they have no standing to be a party.

**2. Timely Motion.**

For a motion to intervene to be accepted it must be timely. "As with motions for intervention as of right, a finding of untimeliness defeats a motion for permissive intervention." In determining timeliness under Rule 24(b)(2), we consider precisely the same three factors - the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay. In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right. *League of United Latin Am. Citizens*, 131 F.3d at 1308.

BRO has filed their motion within the timeframe that is typically allowed for a motion to intervene. However, contrary to BRO's assertion, the analysis does not end there. BRO states off hand, with no supporting argument, that no undue delay or prejudice will result from their intervention. Plaintiffs disagree with that assertion. BRO hopes to make the entire Oregon LGBTQ community a party to this case and argues that Plaintiffs are directly discriminating against them by bring this suit, which is simply incorrect. As an intervenor, BRO complicates the issues, which

will be prejudicial to the parties, and will delay discovery by adding parties and actions that should not be included with this case. At most, BRO might qualify as an Amicus party.

While BRO may have submitted their motion within an acceptable timeframe, the other two factors the court evaluates for timeliness weighs against them. As the 9th Circuit has stated "in the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right." *Id.* Because the question of timeliness encompasses all three of the above identified factors, and not just when the motion was submitted, under the strict analysis required by the court, BRO has not shown timeliness.

**3. Common Question of Law and Fact and Prolonging Litigation.**

BRO argues in their motion to intervene that their defense shares a common issue of law and fact with the main action. Plaintiffs disagree. The primary argument and defenses that BRO presents, are arguments that Plaintiffs' claims for relief discriminate against members of the LGBTQ community. This argument morphs and skews the claims presented and the relief sought by the Plaintiffs.

Several of the supplemental factors that the court looks at when evaluating a motion to intervene are: (1) the legal position they seek to advance and its probable relation to the merits of the case; (2) whether intervention will prolong or unduly delay the litigation; and (3) whether the intervenors' interest is adequately represented by other parties. *Spangler*, 552 F.2d at 1329.

Each of these supplemental questions weighs in favor of Plaintiffs. The legal position that BRO wishes to advance is that the Plaintiffs are in fact discriminating against members of the LGBTQ community. That is their primary argument, and by their own admission their entire reason for intervention. See *Proposed Def. Mot. to Intervene*, at 4. This directly leads into the question of whether the intervention will prolong and unduly delay the litigation. Adding question and issues that were not pleaded and are not part of the original claim will prolong and unduly

delay litigation, because additional discovery would have to be completed, a reply will likely have to be completed when BRO's motion to dismiss fails and they later submit an answer, and further motions may result from BRO's attempt to complicate and morph the issues in the Complaint. Both of these factors weigh in favor of Plaintiffs.

**A. Movant's Position is Adequately Represented by the District.**

An additional factor to consider is whether "the intervenors' interest is adequately represented by other parties." *Spangler*, 552 F.2d at 1329. In this case they absolutely are. The Ninth Circuit has laid out three factors to evaluate this issue. "Three factors should be considered in this regard: (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?" *Blake v. Pallan*, 554 F.2d 947, 954-55 (9th Cir. 1977).

The District has filed a motion to dismiss that more than adequately covers any issue that should be dealt with in this case and will more than adequately represent the LGBTQ community's interest. The arguments put forth in BRO's own motion to dismiss are largely duplicative of the District's motion. Nothing presented by BRO to date shows that the District is unable to represent BRO's interest or is unwilling to do so. In fact, based on the largely duplicative motions to dismiss, just the opposite is clear. The District is defending the plan that BRO helped put into place and has made very similar arguments in their motion to dismiss as BRO. It is apparent from the pleadings that the District has similar interests and is willing and able to make any necessary arguments. As such, the first two factors show that there is no need for BRO to intervene in this case. BRO is also not attempting to bring in some necessary element that would not otherwise be covered. Every necessary element of this case is covered by the District. The only thing that BRO brings to this

case is adding duplicative and unnecessary litigation.

BRO's own motion indicates the District currently represents their position. See *Proposed Def. Mot. to Intervene*, at 7. BRO simply states with no basis, that "it is possible that the interests of the District and BRO could become adverse." *Id.* (emphasis added). Such a statement, without support, does not provide any proof or argument that the interests of BRO are not adequately and completely represented by the District. In fact, BRO is not arguing that their interest is not adequately represented; they simply indicate that it is conceivable at some point in the unknown future the District's interests and their own could become adverse. See *Proposed Def. Mot. to Intervene*, at 7. This factor clearly weighs in favor of Plaintiffs and based on the current record the interests of BRO are more than adequately represented by the District.

**CONCLUSION**

BRO should not be allowed to intervene in this action. They have not met the threshold requirements to be allowed intervention by the court. They must show that they have independent jurisdictional grounds to intervene in this case, which they have not done. Their motion was not timely, not because of when it was submitted, but rather because it will expand delay discovery, confuse the issues, and be prejudicial to the parties. The questions, assertions, and defenses that BRO may purport are so outside the scope of the initial claim that it should not be allowed in. They are attempting to bring in additional irrelevant claims and are attributing to Plaintiffs intentions and actions that do not in fact exist.

If the court grants BRO's motion to intervene it will unnecessarily complicate the issues of this case, cause undue delay, and be prejudicial to the parties. Even if the court were inclined to decide that perhaps BRO had met the threshold requirement for intervention, this Court should still deny intervention under its discretion. Most importantly however, any relevant issues are being fully and adequately represented by the District. For these reasons the Plaintiffs respectfully

requests that this Court deny the Motion to Intervene by Basic Rights Oregon.

DATED this 6TH day of MARCH, 2018.

Herbert G. Grey, OSB #810250
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
Telephone: 503-641-4908
Email: herb@greylaw.org

Ryan Adams, OSB #150778
Caleb S. Leonard, OSB #153736
181 N. Grant Street, Suite 212
Canby, OR 97013
Telephone: 503-266-5590
Email: ryan@ruralbusinessattorneys.com
Email: caleb@ruralbusinessattorneys.com

Of Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2018 I served the foregoing PLAINTIFF'S RESPONSE TO BASIC RIGHTS OREGON'S MOTION TO INTERVENE on the following via the indicated method(s) of service:

Peter Mersereau
Beth Plass
111 SW Columbia Street, Suite 1100
Portland, OR 97201

Of Attorneys for Defendant Dallas School District No. 2

Darin M. Sands
601 SW Second Avenue, Sute 2100
Portland, OR 97201

Of Attorneys for Proposed Intervenor Basic Rights Oregon

Mathew W. dos Santos
Kelly Simon
ACLU FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240

Of Attorneys for Proposed Intervenor Basic Rights Oregon

Gabriel Arkles
Shayna Medley-Warsoff
AMERICAN CIVIL LIBERTIES FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Of Attorneys for Proposed Intervenor Basic Rights Oregon

_____ **MAILING** certified full, true and correct copies thereof in a sealed, first class postage-prepaid envelope, addressed to the attorney(s) shown above at their last known office address(es), and deposited with the U.S. Postal Service at Portland/Beaverton, Oregon, on the date set forth below.

x **ELECTRONIC FILING** utilizing the Court's electronic filing system

X **EMAILING** certified full, true and correct copies thereof to the attorney(s) shown above at their last known email address(es) on the date set forth below.

I further certify that on March 6, 2018 I served the foregoing PLAINTIFF'S RESPONSE TO BASIC RIGHTS OREGON'S MOTION TO INTERVENE on the following via the indicated method(s) of service:

James Bickford,
Civil Division, U.S. Department of Justice
20 Massachusetts Avenue, NW
Washington, DC 20530

Of Attorneys for U.S. Defendants

______ **MAILING** certified full, true and correct copies thereof in a sealed, first class postage-prepaid envelope, addressed to the attorney(s) shown above at their last known office address(es), and deposited with the U.S. Postal Service at Portland/Beaverton, Oregon, on the date set forth below.

______ **ELECTRONIC FILING** utilizing the Court's electronic filing system

__x__ **EMAILING** certified full, true and correct copies thereof to the attorney(s) shown above at their last known email address(es) on the date set forth below.

Herbert G. Grey, OSB #810250
Ryan Adams, OSB # 150778
Caleb S. Leonard, OSB # 153736
Of Attorneys for Plaintiffs